IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BANK OF AMERICA CORPORATION (fka NationsBank) and Subsidiaries, as successor by merger to BANKAMERICA CORPORATION and Subsidiaries, as successor by merger to FLEETBOSTON FINANCIAL CORPORATION and Subsidiaries as successor by merger to BANKBOSTON CORPORATION and Subsidiaries and to SUMMIT BANCORP. and Subsidiaries, as successor by merger to MBNA CORPORATION and Subsidiaries, as successor by merger to MERRILL LYNCH & CO., INC. and Subsidiaries, <br><br>          Plaintiff, <br><br>v. <br><br>THE UNITED STATES OF AMERICA, <br><br>          Defendant. | Case No. 3:17-cv-00546 |

## AMENDED COMPLAINT

Plaintiff, Bank of America Corporation and Subsidiaries, formerly known as "NationsBank" (hereinafter referred to as "Bank of America") on its own behalf and as successor by merger to BankAmerica Corporation and Subsidiaries, FleetBoston Financial Corporation and Subsidiaries ("Fleet"), BankBoston Corporation and Subsidiaries ("BankBoston"), Summit Bancorp. and Subsidiaries ("Summit"), MBNA Corporation and Subsidiaries ("MBNA"), and Merrill Lynch & Co., Inc. and Subsidiaries ("Merrill Lynch"), brings this action against the

1

Defendant, the United States of America, seeking additional statutory interest and recovery of overpaid underpayment interest arising under Internal Revenue Code ("I.R.C.") Sections 6601, 6611, and 6621. This suit is with respect to the following entities and taxable years:

a) BankBoston tax years ended December 1993, December 1994, December 1998, and September 1999;

b) Fleet tax years ended December 2000, December 2002, December 2003, and March 2004;

c) Merrill Lynch tax years ended December 1987, December 1988, December 1990, December 1991, December 1992, December 1993, December 1994, December 1995, December 1996, December 1997, December 1998, December 1999, December 2000, December 2001, December 2002, December 2003, December 2004, December 2005, and December 2006;

d) Summit tax years ended December 1998, December 1999, and December 2000;

e) MBNA tax years ended December 1997, December 1999, December 2001, December 2002, December 2003, December 2004, and December 2005;

f) Bank of America tax years ended December 1996, December 2000, December 2001, December 2002, December 2003, December 2004, December 2005, December 2006, December 2007, December 2008, and December 2009; and

g) BankAmerica tax years ended December 1989, December 1991, December 1992, December 1993, December 1995, and December 1996.

In support of its claim, Plaintiff alleges as follows:

1.     Defendant has stated that it consents to the filing of an amended complaint by plaintiff. Defendant has stated that, "[I]n so consenting, defendant is not waiving any defenses that it may have to the claims stated in plaintiff's original complaint or in plaintiff's amended complaint. In particular, defendant's consent to the filing of an amended complaint is not a concession that this Court has subject-matter jurisdiction over any of plaintiff's claims, nor is it a concession that this Court is the proper forum to hear any of plaintiff's claims."

2.     Plaintiff hereby adopts all of the Complaint, including Exhibits, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

3.     Paragraph 36(a). Plaintiff alleges the following as paragraph 36(a):

> Plaintiff and Defendant are in the process of discussing and narrowing their differences with respect to the computations shown in Exhibit G. Plaintiff anticipates filing an additional amendment with updated computations (Exhibit G) shortly. In the meantime, Plaintiff states that Exhibit G should reflect that the statutes of limitations for allowable interest are open for the following overpayments: (1) for Merrill Lynch's 1987 tax year, the $15,412,889.49 overpayment refunded on May 30, 2012, and (2) for Merrill Lynch's 1990 tax year, the $241,202.77 overpayment refunded on May 21, 2012. This may affect the calculations for individual years as well as the overall total amount to which Plaintiff is entitled.

DATED: May 21, 2018								Respectfully submitted,

								**/s/ Hayden D. Brown**
								Hayden D. Brown
								NC Bar No. 15589
								Attorney for Plaintiff
								Mayer Brown LLP
								214 North Tryon Street, Suite 3800
								Charlotte, NC 28202
								Telephone: (704) 444-3512
								Fax: (704) 377-2033
								Email: hbrown@mayerbrown.com

								**/s/ Brian W. Kittle**
								Brian W. Kittle
								NY Bar No. 4200556
								Attorney for Plaintiff
								Mayer Brown LLP
								1221 Avenue of the Americas
								New York, NY 10020
								Telephone: (212) 506-2187
								Fax: (212) 849-5987
								Email: bkittle@mayerbrown.com

								**/s/ Marjorie M. Margolies**
								Marjorie M. Margolies
								IL Bar No. 6199350
								Attorney for Plaintiff
								Mayer Brown LLP
								71 South Wacker Drive
								Chicago, IL 60606
								Telephone: (312) 701-8044
								Fax: (312) 706-9199
								Email: mmargolies@mayerbrown.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed/ delivered to the following individuals at the addresses listed:

Jason Bergmann:

U.S. Department of Justice, Tax Division

555 4th Street NW, Room 8120

Washington, DC 20001

Service was made electronically with ECF.

This the 21 day of May, 20 18.

/s/ Hayden D. Brown
Signature

Hayden D. Brown
(Print Name)

Attorney Name: Hayden D. Brown
Bar Number: 15589
Firm Name: Mayer Brown LLP
Firm Address: 214 North Tryon Street, Suite 3800
Firm City / State / Zip: Charlotte, NC 28202
Telephone Number: 704-444-3512
Fax Number: 704-377-2033
Email Address: hbrown@mayerbrown.com